Stephen Montoya (#011791)
**Montoya, Jimenez & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Green,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For his Complaint against Defendant, Plaintiff alleges the following:

1. This is an action seeking to redress retaliation in the public workplace brought by Jeffrey Green against his employer, the City of Phoenix, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (as amended).

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(4), and 42 U.S.C. § 2000e.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

4. Mr. Green is a citizen of the United States of America residing in Maricopa County, Arizona.

5. Defendant City of Phoenix (the "City") is an Arizona municipal corporation which owns and operates the Police Department of the City of Phoenix.

6. The City has been engaged in an industry affecting commerce and has had at least fifteen employees for each working day in at least twenty calendar weeks

this year or last year at all times material to this <u>Complaint</u>.

7. Mr. Green has been employed as a Police Officer by the City of Phoenix Police Department since September 1994.

8. Mr. Green is currently a Sergeant with the Department.

9. Sergeant Green's work performance at the Department has been satisfactory to excellent at all times material to this <u>Complaint</u>.

10. During the course of his employment with the City, Sergeant Green was subjected to retaliation by his supervisors at the Phoenix Police Department for opposing discrimination in the workplace.

11. Specifically, on approximately December 11, 2009, Sergeant Green filed a Charge of Discrimination (EEOC Charge: 540-2010-00685) with the EEOC alleging that he had been subjected to discrimination based on his gender.

12. This Charge was resolved by means of a settlement agreement between Sergeant Green and the City in October 2011.

13. After Sergeant Green's first EEOC Charge was resolved by means of settlement, the City retaliated against him for filing the first Charge of Discrimination by (among other things) falsely labeling him a "conspirator," subjecting him to increased surveillance, falsely accusing him of poor work performance, giving him an unjustified "unmet" as part of his official evaluation, and giving him unfavorable job assignments.

14. Moreover, part of Sergeant Green's duties with the Department is to supervise a squad of police officers.

15. In April of 2012, the only woman officer on Sergeant Green's squad came to him and complained that another Sergeant with the Department had grabbed her between the legs while off duty.

16. The woman officer wanted to file a formal complaint about the incident, and Sergeant Green assisted her in doing so.

17. A few months later, in approximately July 2012, Sergeant Green's direct

supervisor, a Lieutenant with the Department, told him that, "we need to get rid of [the woman officer] because she made the complaint [alleging sexual harassment]."

18. Sergeant Green responded, "boss, you can't say that, it's retaliation."

19. The Lieutenant then proceeded to invent a few other reasons for "getting rid" of the complaining woman officer.

20. A few weeks later, in approximately August of 2012, two officers accused the woman officer of posting inappropriate messages on their Facebook pages.

21. Sergeant Green preliminarily investigated their complaint about the woman officer and thought it was trivial and unfounded.

22. Nevertheless, Sergeant Green's Lieutenant ordered him to discipline the woman officer for the incident.

23. After Sergeant Green opposed the Lieutenant's orders regarding the woman officer because he thought it was retaliatory, the City (among other things) falsely and retaliatorily accused him of insubordination, subjected him to increased surveillance, unjustified discipline for complaining outside of his chain of command, unfavorable job reassignments, placed him on administrative leave twice, and subjected him to two unnecessary fitness for duty evaluations.

24. The pattern of discrimination against Sergeant Green grew worse <u>after</u> Sergeant Green filed a complaint with the City's Equal Opportunity Department ("EOD") alleging retaliation and two Charges of Discrimination against the Department with the United States Equal Employment Opportunity Commission ("EEOC").

25. Defendant has tolerated a discriminatory work environment at the City of Phoenix for many years now, has routinely failed to investigate complaints of discriminatory harassment in the workplace, and has failed to adequately discipline employees guilty of engaging in discriminatory harassment.

26. Defendant's conduct as described above was intentional, protracted, malicious, and deliberately indifferent to and in reckless disregard of Sergeant Green's

federally protected rights under Title VII.

27. Defendant's discriminatory treatment of Sergeant Green undermined his otherwise excellent job performance and has caused him to suffer lost wages and other income.

28. Defendant's discriminatory treatment of Sergeant Green also had a detrimental impact on his well-being and his physical and emotional health.

29. Based upon Defendant's discriminatory conduct as summarized above, Sergeant Green filed two Charges of Discrimination against the City of Phoenix with the EEOC on April 6, 2012 and November 27, 2012. See attached Exhibits A and B.

30. After Sergeant Green filed his Charges of Discrimination with the EEOC, he continued to be subjected to retaliation at work.

31. After the EEOC investigated Mr. Green's Charges of Discrimination, it determined that Defendant had subjected him to a hostile work environment and retaliated against him after he complained about it, concluding that:

> Charging Party alleged a female officer he supervised reported to him that she was sexually harassed by a fellow officer while at an off duty event. Charging Party alleged he assisted this officer with filing a formal EO complaint. Charging Party alleged a few months after filing the complaint his direct supervisor told him that they needed to get rid of this female officer because of her complaint against another officer. Charging Party alleged a few weeks later, two subordinate officers accused the female officer of posting inappropriate messages on their Facebook pages. Charging Party alleged he conducted a preliminary investigation into the matter and thought it was trivial and unfounded. Charging Party alleged his direct supervisor ordered him to discipline the female officer; however he questioned this action and believed it to be retaliatory. Charging Party alleged his direct supervisor accused him of being insubordinate, placed him on administrative leave, and subjected him to a fitness for duty evaluation.
>
> I have considered all the evidence obtained during the investigation and find that there is reasonable cause to

> believe that Respondent violated Title VII when it placed Charging on administrative leave, and required him to undergo a fitness for duty examination in retaliation for his participation in a protected activity and opposition to actions he believed to be discriminatory.

See attached Exhibit C.

32. Sergeant Green has satisfied all of the requirements for initiating this action by exhausting his administrative remedies with the EEOC and either requesting or receiving Right to Sue Letters from the EEOC. See attached Exhibit D.

33. Pursuant to Rule 38 (b) of Federal Rules of Civil Procedure, Sergeant Green hereby demands a trial by jury.

**WHEREFORE**, Sergeant Green respectfully requests the Court to:

A. Issue a judgment declaring that the conduct of Defendant as described above violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended;

B. Issue preliminary and permanent injunctions against Defendant enjoining it from committing similar unlawful acts in the future;

C. Issue a judgment awarding Plaintiff nominal and compensatory damages against Defendant in amounts to be determined by the finder-of-fact at trial;

D. Issue a judgment awarding Plaintiff reasonable costs and attorney fees against Defendant pursuant to 42 U.S.C. § 2000e and any other applicable law; and

E. Issue a judgment awarding Plaintiff all other relief that is just and proper against Defendant under the circumstances.

Respectfully submitted this 17th day of December 2015.

**MONTOYA, JIMENEZ & PASTOR, P.A.**

s/ Stephen Montoya
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

I hereby certify that on December 17, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

s/ Stephen Montoya