**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Green,<br><br>    Plaintiff,<br><br>v.<br><br>City of Phoenix,<br><br>    Defendant. | No. CV-15-02570-PHX-DJH<br><br>**ORDER** |

Before the Court is Defendant's Expedited Motion for Trial Deposition of Lt. Joe Tomory (Doc. 103). The Court Ordered an expedited briefing schedule and did not permit Defendant to file a Reply. (Doc. 104). In compliance with the Court's Order, Plaintiff filed his Response on March 5, 2019. (Doc. 105).

Defendant's Motion requests leave to take a videotaped trial deposition of Lt. Tomory pursuant to Federal Rule of Civil Procedure ("Rule") 32(a)(4)(C) to preserve Lt. Tomory's testimony so that it can be played at trial. (Doc. 103). Trial in this matter is scheduled to begin on April 2, 2019, and Defendant provides that Lt. Tomory "is scheduled to have back surgery at the end of March" and his estimated recovery time is four weeks. (*Id.*) Defendant further provides that "Lt. Tomory's back surgery was unexpected and unanticipated." (*Id.*) In the parties' Joint Proposed Final Pretrial Order, the parties stipulated that Lt. Tomory was one of Plaintiff's supervisors in the Robbery Unit. (Doc. 81 at 4). Additionally, Defendant listed Lt. Tomory as a fact witness that it intended to call at trial and listed several exhibits authored by Lt. Tomory that it intended to

introduce at trial. (*Id.* at 17, 13, 22). Plaintiff opposed Defendant's Motion, arguing that fact discovery has closed and that allowing the deposition of Lt. Tomory is highly prejudicial. (Doc. 105). Plaintiff, however, fails to specifically explain how he would be prejudiced. (*Id.*)

The Court has found no Ninth Circuit authority addressing whether the type of trial deposition that Defendant seeks is a "discovery" deposition subject to the limits in the Rules or a deposition that is exempt from those strictures. Authority from other district courts is scant and conflicting. *Compare Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999) ("Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, it has been held that there is no difference between the two, and that if a party wishes to introduce deposition testimony at trial, that testimony should procured [*sic*] during the time set by the court to conduct discovery absent exceptional circumstances."), *with Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001) (finding that the depositions were to preserve testimony were not constrained by the court's scheduling order). However, the Court finds the reasoning in the cases which hold that these so-called "trial depositions" are subject to the limits in the Rules to be the most persuasive. *Energex Enterprises, Inc. v. Shughart, Thomson & Kilroy, P.S.*, 2006 WL 2401245, at *7 (D. Ariz. 2006) (finding there is no distinction in the Rules between trial and discovery depositions; thus, the court denied plaintiff's motion to conduct additional depositions when the only proffered reason was judicial economy and reduction of trial expenses); *see also Perez v. Jie,* 2015 WL 11234149, at *2 (W.D. Wash. Feb. 3, 2015) (finding that the trial depositions plaintiff sought to take were subject to the discovery deadline set forth in the court's scheduling order; thus, the court considered whether good cause existed to modify that deadline).

Having determined that the trial deposition Defendant seeks is subject to the discovery deadline set forth in the Court's Scheduling Order, the Court now considers whether good cause exists to modify this deadline to permit the deposition of Lt. Tomory. Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard primarily considers the

diligence of the party seeking the modification; the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (good cause not shown where plaintiff had failed to "demonstrate diligence in complying with the dates set by the district court").

Here, the Court notes that Lt. Tomory's back surgery was unexpected and unanticipated and as discovery in this case closed nearly two years ago, on March 17, 2017, Defendant would have been unable to anticipate Lt. Tomory's unavailability for trial prior to the close of discovery. Thus, the Court finds that good cause exits to allow Defendant to take a trial deposition of Lt. Tomory. *See Perez,* 2015 WL 11234149, at *2 (finding that there was good cause to allow plaintiff to depose two witnesses that were available for the original trial date but unavailable for amended trial date).

Accordingly,

**IT IS ORDERED** that Defendant's Expedited Motion for Trial Deposition of Lt. Joe Tomory (Doc. 103) is **GRANTED**;

**IT IS FURTHER ORDERED** that the trial deposition of Lt. Joe Tomory must commence on or before March 20, 2019, the deposition is limited to three (3) hours per party, and the scope of the deposition is limited to Lt. Tomory's "interactions with and observations of Plaintiff during Plaintiff's tenure with the PPD Robbery Unit." Counsel for both parties are directed to meet and confer no later than March 8, 2019, to determine an appropriate date and time on which to conduct the deposition of Lt. Joe Tomory;

**IT IS FURTHER ORDERED** that the parties must meet and confer no later than March 25, 2019, regarding the portions of the Lt. Tomory's deposition that either party intends to introduce at trial, and any objections thereto;

**IT IS FURTHER ORDERED** that no later than March 27, 2019, the parties must jointly submit a Notice of Filing Lt. Tomory's Deposition Transcript, which must include:

1. By page and line number, the portions of deposition that either party intends

to offer at trial,

    2.    All objections to the offered portions of the deposition, which shall identify by page and line number the portion to which objection is made and shall state the grounds of objection <u>specifically</u>;

    3.    All responses to those stated objections. No replies will be permitted; and

    4.    Lt. Tomory's entire deposition transcript as an attachment.

**IT IS FINALLY ORDERED** affirming all other pretrial and trial deadlines.

Dated this 6th day of March, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge