NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Green,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>　　　　　Defendant. | No. CV-15-02570-PHX-DJH<br><br>**ORDER** |

Before the Court is the parties' Notice of Deposition Designations (Doc. 112). On February 26, 2019, Defendant moved for leave to take a videotaped trial deposition of Lt. Joe Tomory. (Doc. 103). Plaintiff filed a Response opposing Defendant's Motion (Doc. 105), and the Court did not permit Defendant to file a Reply. (Doc. 104). The Court granted Defendant's Motion on March 6, 2019, and ordered the deposition of Lt. Tomory to commence on or before March 20, 2019, and ordered that no later than March 27, 2019, the parties shall file a notice that contained the portions of the deposition transcript each party intended to offer at trial and "[a]ll objections to the offered portions of the deposition, which shall identify by page and line number the portion to which objection is made and shall state the grounds of objection <u>specifically</u>;" all responses to the stated objections; and Lt. Tomory's deposition transcript. (Doc. 106 at 4) (emphasis in original)).

Plaintiff has provided general objections to Lt. Tomory's deposition. (Doc. 112 at 57). Specifically, Plaintiff claims that Lt. Tomory testified in his deposition that he was fearful of Plaintiff and this fear prompted Lt. Tomory to carry a secondary

weapon while at work. (*Id.*) Plaintiff argues that this information was not disclosed during discovery; therefore, this Court should exclude Lt. Tomory's deposition pursuant to Federal Rule of Civil Procedure 37(c)(1). (*Id.*) Defendant counters that Lt. Tomory was disclosed in Defendant's Initial Disclosures, in which Defendant provided that Lt. Tomory would testify regarding any information or knowledge he had regarding Plaintiff's allegations and any meetings, conversations, interviews he had relevant to Plaintiff's complaint. (*Id.*) Thus, Defendant argues that the Initial Disclosure statement was broad enough to include Lt. Tomory's statements concerning his decision to carry a secondary weapon while at work. (*Id.*) The Court agrees. Here, Plaintiff knew that Lt. Tomory would testify as to his interactions with Plaintiff and if Plaintiff wanted to know the specifics of that potential testimony, he could have disposed Lt. Tomory during discovery. Accordingly, the Court overrules Plaintiff's general objections.

The parties filed their transcript designations, objections, and responses using a table, the Court will follow suit starting with Defendant's designations, Plaintiff's objections, and Defendant's response to Plaintiff's objections.

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| 5:15 to 14:18 | 12:20-25**; 13:1** <br> **Objection: hearsay, Rule 802; relevance and undue prejudice, Rules 401, 403** <br><br> 13:15-25 <br> **Objection: relevance, undue prejudice, Rules 401, 403** <br><br> 14:1-18; <br> **Objection: relevance, undue** | 12:20-25 and 13:1 <br><br> Statements not hearsay since not offered to prove the truth of the matter asserted but offered to show their effect on Tomory, i.e., his reason for reaching out to Plaintiff – Rule 801, *U.S. v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991); *U.S. v. Lopez,* 913 F.3d 807, 826 (2019). <br><br> 13:15-25; 14:1-18 | **12:20–13:1** <br><br> <u>Hearsay</u>: Objection Overruled. The testimony is being offered to show that Lt. Tomory intended to act as a type of unofficial mentor to Plaintiff. Thus, the testimony is being offered to show its effect on Lt. Tomory as the listener, rather than for the truth of the matter asserted. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | **prejudice, Rules 401, 403** | Exception to hearsay rule – present sense impression Rule 803(1) Tomory is entitled to testify as to his observations of Plaintiff's demeanor.<br><br>Disclosure of his testimony was made in Defendant's Initial Disclosure Statement on 7/7/16 which stated that he would testify regarding any information or knowledge he has regarding Plaintiff's allegations and any meetings, conversations, interviews he had relevant to Plaintiff's complaint. Furthermore, the following audio recordings of meetings and transcripts of meetings Tomory attended with Plaintiff and Finley were disclosed on 1/9/17 in Defendant's 5th Supplemental Disclosure:<br><br>December 7, 2012 (PHX002329 – 002330) Finley Green Tomory<br><br>December 10, 2012 (PHX002331 – 002341) Finley Green Tomory | <u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns the nature of the relationship between Lt. Tomory and Plaintiff.<br><br><u>Undue Prejudice</u>: Objection Overruled. The Court does not find any risk of undue prejudice.<br><br><br>**13:15–14:18**<br><br><u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns Lt. Tomory's professional interactions with Plaintiff.<br><br><u>Undue Prejudice</u>: Objection Overruled. The Court does not find any risk of undue prejudice. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | December 11, 2012 (PHX002342 – 002343) Finley Green (Tomory) | |
| | | December 12, 2012 (PHX002344 – 002353) Finley Green Tomory Henry | |
| | | January 4 and January 15, 2013 (PHX002366 - 002381) Finley Green (Tomory) Clarke | |
| | | January 17, 2013 (#1) (PHX002382 - 002384) Finley Green Tomory | |
| | | January 17, 2013 (#2) (PHX002385 - 002391) Finley Green Tomory Clarke Pace | |
| | | January 18, 2013 (PHX002392 - 002419) Finley Green Tomory | |
| | | February 1, 2013 (PHX002420 - 002423) Finley Green Tomory | |
| | | February 22, 2013 (PHX002424 - 002465) Finley Green Tomory | |
| | | March 4, 2013 (PHX002466 - 002468) Finley Green (Tomory) Henry | |
| | | March 15, 2013 (PHX002469 - 002495) Finley Green Tomory Faulkner | |
| | | March 22, 2013 (PHX002496 - 002528) | |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | Finley Green Tomory Leuschner | |
| | | April 5, 2013 (PHX002529 – 002534) Finley Green Tomory | |
| | | April 23, 2013 (PHX002535 – 002537) Finley Green Tomory | |
| | | April 25, 2013 (PHX002538 – 002540) Finley Green Tomory | |
| | | April 29, 2013 (PHX002541 – 002542) Finley Green Tomory | |
| | | The above describes his interactions with and observations of Plaintiff during the relevant time period. | |
| | | A description of Plaintiff's behavior does not constitute <u>unfair</u> prejudice. See, *Batiz v. Am. Commer. Sec. Servs.*, 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011); *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003). Plaintiff's conduct, i.e., being upset over minor issues such as receiving an expectations memo is relevant to the decision to have Plaintiff undergo work fitness evaluations and | |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | ultimately transfer him from the Robbery Unit. | |
| 15:3 starting with ""Did…" to 15:22 | **Objection: relevance, undue prejudice, Rules 401 and 403** | A description of Plaintiff's behavior does not constitute <u>unfair</u> prejudice. See, *Batiz v. Am. Commer. Sec. Servs.*, 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011); *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003). Plaintiff's conduct, i.e., being upset over minor issues such as receiving an expectations memo is relevant to the decision to have Plaintiff undergo work fitness evaluations and ultimately transfer him from the Robbery Unit. | <u>**15:3–22**</u><br><br><u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns Lt. Tomory's professional interactions with Plaintiff on a specific occasion.<br><br><u>Undue Prejudice</u>: Objection Overruled. The Court does not find any risk of undue prejudice. |
| 16:3 to 20:5 | 16:3-25<br><br>**Objection: relevance, Rules 401 and 403** | Plaintiff's conduct, i.e., being upset over minor issues such as receiving an expectations memo is relevant to the decision to have Plaintiff undergo work fitness evaluations and ultimately transfer him from the Robbery Unit. | <u>**16:3–25**</u><br><br><u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns Lt. Tomory's professional interactions with Plaintiff on a specific occasion.<br><br><u>Undue Prejudice</u>: Objection Overruled. The Court does not find any risk of undue prejudice. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| 20:14 to 26:2 | | | **20:14–26:2**<br><br>Plaintiff does not object; therefore, the Court finds this testimony may be offered. |
| 26:16 to 27:5 | 26:1-5; 26:16-25<br>**Objection: hearsay, Rule 802; relevance, undue prejudice, Rules 401 and 403**<br><br>27:1-5<br>**Objection: hearsay, Rule 802; relevance, undue prejudice, Rules 401 and 403** | 26:1-5; 26:16-25<br>The statements not hearsay since not offered to prove the truth of the matters asserted but offered to show their effect on Tomory, i.e., why he was sitting in on meetings between Plaintiff and Lt. Finley. Rule 801. *U.S. v. Payne,* 944 F.2d 1458, 1472 (9th Cir. 1991); *U.S. v. Lopez,* 913 F.3d 807, 826 (2019).<br><br>There is foundation for the question. Tomory is asked to testify as to his observations as to whether the meetings which he attended kept the lines of communication open between Plaintiff and Finley. | **26:1–5**<br><br>No party is offering 26:3-5; therefore, the Court will not address objections regarding that section. Additionally, 26:1-2 is the end of answer to a question. The answer in its entirety is 25:23-26:2. Thus, it appears that Plaintiff is only objecting to the last two lines of the answer. The Court will overrule that objection.<br><br>**26:16–27:5**<br><br>Hearsay: Objection Overruled. The testimony is being offered to show why Lt. Tomory attended monthly meetings between Plaintiff and Lt. Finley. Thus, the testimony is being offered to show its effect on Lt. Tomory, rather than for the truth of the matter asserted. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | Relevance: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between Lt. Tomory and Plaintiff. |
| | | | Undue Prejudice: Objection Overruled. The Court does not find any risk of undue prejudice. |
| 27:20 to 27:22 | **Objection: hearsay, Rule 802; foundation, Rule 602** | There is foundation for the question. Tomory is asked to testify as to his observations as to whether the meetings which he attended kept the lines of communication open between Plaintiff and Finley. Statements not hearsay since not offered to prove the truth of the matters asserted but offered to show their effect on Tomory, i.e., why he was sitting in on meetings between Plaintiff and Lt. Finley. Rule 801. *U.S. v. Payne,* 944 F.2d 1458, 1472 (9th Cir. 1991); *U.S. v. Lopez,* 913 F.3d 807, 826 (2019). | **27:20–27:22** Hearsay: Objection Overruled. The question is not asking Lt. Tomory to repeat an out-of-court statement. It is simply asking whether Lt. Tomory's presence in the monthly meetings was helpful. Relevance: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between Lt. Tomory and Plaintiff. Undue Prejudice: Objection Overruled. The Court does not find any risk of undue prejudice. |
| 28:1 to 29:3 | **Objection: relevance, undue prejudice, Rules 401 and 403; hearsay,** | Tomory is testifying as to his personal observations and interaction with | **28:1–29:3** Hearsay: Objection Overruled. The |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | **Rule 802; lacks foundation, Rule 602** | Plaintiff during monthly meetings. His observations as to Plaintiff's behavior - - angry, emotional form the basis for sending Plaintiff for work fitness evaluations and ultimately his transfer from the Robbery Unit.<br><br>Additionally, statements by party opponent are not hearsay. Rule 801(d). Statement by Plaintiff that he accused Finley of being unethical and a liar are not offered to prove such, but to describe Plaintiff's conduct during those meetings.<br><br>Supervisor impressions of Plaintiff's behavior are relevant to the honesty of the belief that Plaintiff's behavior needed to be evaluated. | majority of this testimony is not out-of-court statements, rather it is Lt. Tomory recounting his personal observations and experiences at these meetings.<br><br>However, Lt. Tomory does state at 28:23-24 that Plaintiff was "calling Troy a liar, he's unethical." Thus, it is an out-of-court statement by Plaintiff. However, this was a statement made by Plaintiff and thus is not hearsay under 801(d)(2)(a).<br><br><u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between Lt. Tomory and Plaintiff.<br><br><u>Undue Prejudice</u>: Objection Overruled. The Court does not find any risk of undue prejudice.<br><br><u>Lacks Foundation</u>: Objection Overruled. Lt. Tomory is describing events that he witnessed and was present for. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| 29:20 starting with "I'm talking…" to 30:23 | **Objection: relevance, undue prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | Foundation is established because Tomory's testimony recounts his observations of Plaintiff's conduct during meetings between Plaintiff and Finley at which he was present. Additionally, statements by party opponent are not hearsay. Rule 801(d). Statement by Plaintiff that he accused Finley of being unethical and a liar are not offered to prove such, but to describe Plaintiff's conduct during those meetings.<br><br>See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>Question is not leading because it does not suggest an answer. The question can be answered either "yes", "no" or "I don't recall." If the question had been phrased "You did take safety precautions for yourself didn't you?" that would have been leading. The question posed was not. See, Rule 611. This testimony describes for the jury Tomory's observations of Plaintiff's conduct in | **29:20–30:23**<br><br>Hearsay: Objection Overruled. This testimony is not out-of-court statements, rather it is Lt. Tomory recounting his personal observations and experiences at these meetings.<br><br>Relevance: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between Lt. Tomory and Plaintiff.<br><br>Undue Prejudice: Objection Overruled. The Court does not find any risk of undue prejudice.<br><br>Lacks Foundation: Objection Overruled. Lt. Tomory is describing events that he witnessed and was present for. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | the workplace and his interactions with Plaintiff and its effect on him. The testimony is relevant because it shows the level of fear/anxiety Plaintiff's conduct had on those who interacted with him. The testimony is not <u>unfairly</u> prejudicial. See, Rule 403. | |
| 31:1 to 32:17 up to "there was a potential for that, yes." | **Objection: relevance, undue prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | Foundation is established because Tomory's testimony recounts his observations of Plaintiff's conduct during meetings between Plaintiff and Finley at which he was present.<br><br>See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>The testimony is relevant because it shows the level of fear/anxiety Plaintiff's conduct had on those who interacted with him. The testimony is not <u>unfairly</u> prejudicial. See, Rule 403. | <u>**29:20–30:23**</u><br><br><u>Hearsay</u>: Objection Overruled. This testimony is not out-of-court statements, rather it is Lt. Tomory recounting his personal observations and experiences at these meetings and about the location of Lt. Tomory's secondary weapon.<br><br><u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between Lt. Tomory and Plaintiff.<br><br><u>Undue Prejudice</u>: Objection Overruled. The Court does not find any risk of undue prejudice.<br><br><u>Lacks Foundation</u>: Objection Overruled. Lt. Tomory is |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | describing events that he witnessed and was present for. |
| 39:23 to 40:4 | 39:23-25; 40:1-4<br><br>**Objection: non-disclosure, relevance and prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | This objection is nonsensical. This is a question posed by Plaintiff's counsel and Tomory's response. This was a deposition in lieu of live trial testimony. If counsel didn't want to hear the answer he should not have asked the question.<br><br>See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question.<br><br>Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen,* 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer. Sec. Servs.,* 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011). | **39:23–40:4**<br><br>This was a question posed to Lt. Tomory by Plaintiff's counsel. Prior to this deposition, all parties were aware that this deposition was in lieu of Lt. Tomory testifying at trial. Thus, it is akin to Plaintiff's counsel objecting to his own question at trial. The Court finds that Plaintiff waived any objections to questions he asked Lt. Tomory and the answers Lt. Tomory thereby provided.<br><br>Nonetheless, the Court will address the merits of Plaintiff's objections.<br><br><u>Hearsay</u>: Objection Overruled. This is not out-of-court statements.<br><br><u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | Lt. Tomory and Plaintiff.<br><br>Undue Prejudice: Objection Overruled. The Court does not find any risk of undue prejudice.<br><br>Lacks Foundation: Objection Overruled. Lt. Tomory is describing events that he witnessed and was present for.<br><br>Nondisclosure: Objection Overruled. Defendant disclosed Lt. Tomory and provided that he would testify as to his "interactions with and observations of Plaintiff during Plaintiff's tenure with the PPD Robbery Unit." |
| 47:20 to 49:10 | **Objection: non-disclosure, relevance and prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | This objection is nonsensical. This is a question posed by Plaintiff's counsel and Tomory's response. This was a deposition in lieu of live trial testimony. If counsel didn't want to hear the answer he should not have asked the question. | **47:20–49:10**<br><br>Plaintiff waived this objection by agreeing to include this portion of testimony. (*See* Doc. 112 at 75). |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question.<br><br>Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen,* 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer. Sec. Servs.,* 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011).<br><br>The testimony is responsive to the question and does not constitute hearsay. | |
| 49:16 to 49:23 | | | **49:16–23**<br><br>Plaintiff does not object; therefore, the Court finds this testimony may be offered. |
| 50:20 to 52:5 | 51:1-25; 52:1-5<br><br>**Objection: non-disclosure, relevance, undue prejudice, Rules 401 and 403; hearsay, Rule 802; lacks** | This objection is nonsensical. This is a question posed by Plaintiff's counsel and Tomory's response. This was a deposition in lieu of live trial testimony. If counsel didn't want to hear the answer he should not | **51:1–52:5**<br><br>This was a question posed to Lt. Tomory by Plaintiff's counsel. Prior to this deposition, all parties were aware that this deposition was in lieu of Lt. Tomory |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | **foundation, Rule 602** | have asked the question.<br><br>See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question.<br><br>Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen,* 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer. Sec. Servs.,* 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011).<br><br>The testimony is responsive to the question and does not constitute hearsay. | testifying at trial. Thus, it is akin to Plaintiff's counsel objecting to his own question at trial. The Court finds that Plaintiff waived any objections to questions he asked Lt. Tomory and the answers Lt. Tomory thereby provided.<br><br>Nonetheless, the Court will address the merits of Plaintiff's objections.<br><br><u>Hearsay</u>: Objection Overruled. This testimony is not out-of-court statements.<br><br><u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between Lt. Tomory and other officers regarding their interactions with Plaintiff.<br><br><u>Undue Prejudice</u>: Objection Overruled. The Court does not find any risk of undue prejudice.<br><br><u>Lacks Foundation</u>: Objection Overruled. Lt. Tomory is describing events that he witnessed and was present for. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | <u>Nondisclosure</u>: Objection Overruled. Defendant disclosed Lt. Tomory and provided that he would testify as to his "interactions with and observations of Plaintiff during Plaintiff's tenure with the PPD Robbery Unit." |
| 52:22 to 53:17 | 52:22-25<br><br>**Objection: non-disclosure, relevance and prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | This objection is nonsensical. Plaintiff's counsel asked a question at 52:6 but objected to the beginning of Tomory's answer but not the rest. Completion under Rule 106 requires 52:22-25 to be admitted.<br><br>See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question.<br><br>Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer. Sec. Servs.*, 776 | <u>**52:22–25**</u><br><br>This is two lines of an answer to a question by Plaintiff's counsel. Prior to this deposition, all parties were aware that this deposition was in lieu of Lt. Tomory testifying at trial. Thus, it is akin to Plaintiff's counsel objecting to his own question at trial. The Court finds that Plaintiff waived any objections to questions he asked Lt. Tomory and the answers Lt. Tomory thereby provided.<br><br>Nonetheless, the Court will address the merits of Plaintiff's objections.<br><br><u>Hearsay</u>: Objection Overruled. This is not |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | F.Supp.2d 1087, 1092 (C.D.Cal. 2011). | an out-of-court statement. |
| | | The testimony is responsive to the question and does not constitute hearsay. | Relevance: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between Lt. Tomory and other officers regarding their interactions with Plaintiff. |
| | | | Undue Prejudice: Objection Overruled. The Court does not find any risk of undue prejudice. |
| | | | Lacks Foundation: Objection Overruled. Lt. Tomory is describing events that he witnessed and was present for. |
| | | | Nondisclosure: Objection Overruled. Defendant disclosed Lt. Tomory and provided that he would testify as to his "interactions with and observations of Plaintiff during Plaintiff's tenure with the PPD Robbery Unit." |
| 72:9 to 73:13 | | | **72:9–72:13** Plaintiff does not object; therefore, the Court finds this |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | testimony may be offered. |
| 76:4 to 76:8 | **Objection: questions of counsel are <u>not</u> evidence** | Questions of counsel are the predicate for the answer given by Tomory at 76:25-77:13. If Plaintiff's counsel did not want to hear the answer he should not have asked the question. This was a <u>trial</u> deposition. | **<u>76:4–8</u>**<br><br>Plaintiff is offering 76:2–15; thus, the Court finds Plaintiff has waived this objection. (*See* Doc. 112 at 76). Additionally, 76:4–8 is a question posed to Lt. Tomory by Defendant's counsel, which Lt. Tomory answers at 76:25–77:13. |
| 76:25 to 77:13 | **Objection: non-disclosure, relevance and prejudice, Rules 401 and 403; hearsay; Rule 802; lacks foundation, Rule 602** | 76:25 to 77:15<br><br>The answer by Tomory is in direct response to Plaintiff's counsel's question. Tomory was asked whether he believed that the cause of tension between Plaintiff and Finley was because of issues regarding Candice Wilson and responded that the issue regarding Candice Wilson was not the sole reason for the tension - - that there were multiple issues. If counsel didn't want to hear the answer he should not have asked the question. | **<u>76:25–77:13</u>**<br><br>The Court finds that Plaintiff has waived this objecting by agreeing to allow this testimony to be offered. (*See* Doc. 112 at 76). |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question.<br><br>Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen,* 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer. Sec. Servs.,* 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011).<br><br>The testimony is responsive to the question and does not constitute hearsay. | |
| 81:2 to 82:25 | 82:10-19<br><br>**Objection: hearsay, Rule 801** | This objection is nonsensical. This is a question posed by Plaintiff's counsel and Tomory's response. This was a deposition in lieu of live trial testimony. If counsel didn't want to hear the answer he should not have asked the question.<br><br>Furthermore, if Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question. | <u>**82:10–19**</u><br><br>The Court finds that Plaintiff has waived this objecting by agreeing to allow this testimony to be offered. (*See* Doc. 112 at 76). |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | Plaintiff's objection to Tomory's answer violates Rule 106. | |
| 88:7 to 88:10 | | | **88:7–88:10**<br><br>Plaintiff does not object; therefore, the Court finds this testimony may be offered. |
| 88:14 to 88:24 | | | **88:14–88:24**<br><br>Plaintiff does not object; therefore, the Court finds this testimony may be offered. |
| 89:11 to 95:6 | **Objection: non-disclosure, relevance, undue prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | All of these questions were asked by Plaintiff's counsel in a <u>trial</u> deposition. If counsel did not want to hear the answer he should not have asked the question. Any testimony referring to statements made by Plaintiff is either not hearsay (Rule 801(d)(2)(A) as a statement by a party opponent or is offered to show their effect on Tomory and the actions he took. Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen,* 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer.* | **89:11–95:6**<br><br>This testimony is comprised of questions posed to Lt. Tomory by Plaintiff's counsel. Prior to this deposition, all parties were aware that this deposition was in lieu of Lt. Tomory testifying at trial. Thus, it is akin to Plaintiff's counsel objecting to his own question at trial. The Court finds that Plaintiff waived any objections to questions he asked Lt. Tomory and the answers Lt. Tomory thereby provided. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | *Sec. Servs.,* 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011).<br><br>See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question.<br><br>Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen,* 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer. Sec. Servs.,* 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011). | Nonetheless, the Court will address the merits of Plaintiff's objections.<br><br><u>Hearsay</u>: Objection Overruled. The initial question is whether Lt. Tomory recorded his conversations with Plaintiff. The next question is why Lt. Tomory started recording the conversations. Lt. Tomory then explains why he was recording the conversations; thus, the statements are not being offered for the truth of the matter asserted; but rather to explain Lt. Tomory's state of mind when he made the decision to record his conversations.<br><br><u>Relevance</u>: Objection Overruled. The Court finds the testimony relevant as it concerns interactions between Lt. Tomory and Plaintiff.<br><br><u>Undue Prejudice</u>: Objection Overruled. The Court does not find any risk of undue prejudice.<br><br><u>Lacks Foundation</u>: Objection Overruled. Lt. Tomory is |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | describing events that he witnessed and was present for.<br><br><u>Nondisclosure</u>: Objection Overruled. Defendant disclosed Lt. Tomory and provided that he would testify as to his "interactions with and observations of Plaintiff during Plaintiff's tenure with the PPD Robbery Unit." |
| 107:23 to 108:2 | **Objection: non-disclosure, relevance, undue prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | All of these questions were asked by Plaintiff's counsel in a <u>trial</u> deposition. If counsel did not want to hear the answer he should not have asked the question. Any testimony referring to statements made by Plaintiff is either not hearsay (Rule 801(d)(2)(A) as a statement by a party opponent or is offered to show their effect on Tomory and the actions he took.<br><br>Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003); , or *Batiz v. Am. Commer. Sec. Servs.*, 776 | **<u>107:23–108:2</u>**<br><br>This is a question posed to Lt. Tomory by Plaintiff's counsel. It is difficult to understand why Plaintiff would object to the introduction of the question, but not object to Lt. Tomory's answer, 108:12–109:5. Additionally, prior to this deposition, all parties were aware that this deposition was in lieu of Lt. Tomory testifying at trial. Thus, it is akin to Plaintiff's counsel objecting to his own question at trial. The Court finds that Plaintiff waived any objections to questions he asked Lt. Tomory and the answers Lt. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | F.Supp.2d 1087, 1092 (C.D.Cal. 2011).<br><br>See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question. | Tomory thereby provided.<br><br>Nonetheless, the Court will address the merits of Plaintiff's objections.<br><br><u>Hearsay</u>: Objection Overruled. This is a question, it is not an out-of-court statement.<br><br><u>Relevance</u>: Objection Overruled. The Court finds the question and answer to be relevant as it concerns what information Lt. Tomory documented in his supervisory notes.<br><br><u>Undue Prejudice</u>: Objection Overruled. This is a question; thus, the Court does not find any risk of undue prejudice.<br><br><u>Lacks Foundation</u>: Objection Overruled. This is a question.<br><br><u>Nondisclosure</u>: Objection Overruled. This is a question. |
| 108:12 to 109:5 | | | **<u>108:12–109:5</u>**<br><br>Plaintiff does not object; therefore, the Court finds this testimony may be offered. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| 110:14 to 110:17 | **Objection: non-disclosure, relevance, undue prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | All of these questions were asked by Plaintiff's counsel in a <u>trial</u> deposition. If counsel did not want to hear the answer he should not have asked the question. Any testimony referring to statements made by Plaintiff is either not hearsay (Rule 801(d)(2)(A) as a statement by a party opponent. Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen,* 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer. Sec. Servs.,* 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011).<br><br>See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above.<br><br>If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question. | <u>**110:14–17**</u><br><br>This is a question posed to Lt. Tomory by Plaintiff's counsel. Prior to this deposition, all parties were aware that this deposition was in lieu of Lt. Tomory testifying at trial. Thus, it is akin to Plaintiff's counsel objecting to his own question at trial. The Court finds that Plaintiff waived any objections to questions he asked Lt. Tomory and the answers Lt. Tomory thereby provided.<br><br>Nonetheless, the Court will address the merits of Plaintiff's objections.<br><br><u>Hearsay</u>: Objection Overruled. This is a question, it is not an out-of-court statement.<br><br><u>Relevance</u>: Objection Overruled. The Court finds the question and answer to be relevant.<br><br><u>Undue Prejudice</u>: Objection Overruled. This is a question; thus, the Court does not find any risk of undue prejudice. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | <u>Lacks Foundation</u>: Objection Overruled. This is a question. <br><br> <u>Nondisclosure</u>: Objection Overruled. This is a question. |
| 110:23 to 112:3 | **Objection: non-disclosure, relevance, undue prejudice, Rules 401 and 403; hearsay, Rule 802; lacks foundation, Rule 602** | All of these questions were asked by Plaintiff's counsel in a <u>trial</u> deposition. If counsel did not want to hear the answer he should not have asked the question. Any testimony referring to statements made by Plaintiff is either not hearsay (Rule 801(d)(2)(A) as a statement by a party opponent. Furthermore, such testimony was not <u>unfairly</u> prejudicial. See, *United States v. Allen,* 341 F.3d 870, 886 (9th Cir. 2003); *Batiz v. Am. Commer. Sec. Servs.,* 776 F.Supp.2d 1087, 1092 (C.D.Cal. 2011). <br><br> See, Defendant's disclosure on 7/7/16 and 1/9/17 listed above. <br><br> If Plaintiff's counsel didn't believe that such testimony was relevant he should not have asked the question. | **<u>110:23–112:3</u>** <br><br> This is an answer to Plaintiff's counsel's question, 110:14–17. Prior to this deposition, all parties were aware that this deposition was in lieu of Lt. Tomory testifying at trial. Thus, it is akin to Plaintiff's counsel objecting to his own question at trial. The Court finds that Plaintiff waived any objections to questions he asked Lt. Tomory and the answers Lt. Tomory thereby provided. <br><br> Nonetheless, the Court will address the merits of Plaintiff's objections. <br><br> <u>Hearsay</u>: Objection Overruled. Lt. Tomory is explaining his state of mind at that time; thus, it is not an out-of-court statement. |

| DEFENDANT'S DESIGNATIONS | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | Relevance: Objection Overruled. Lt. Tomory is describing his impressions of Plaintiff. Therefore, the Court finds the answer to be relevant.<br><br>Undue Prejudice: Objection Overruled. The Court does not find any risk of undue prejudice.<br><br>Lacks Foundation: Objection Overruled. Lt. Tomory is describing events that he witnessed and was present for.<br><br>Nondisclosure: Objection Overruled. Defendant disclosed Lt. Tomory and provided that he would testify as to his "interactions with and observations of Plaintiff during Plaintiff's tenure with the PPD Robbery Unit." |

The Court will now address Plaintiff's designations, Defendant's objections, and Plaintiff's response to Defendant's objections.

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S OBJECTIONS | PLAINTIFF'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| 7:20 to 10:15 | No objection | None. | **7:20–10:15** |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S OBJECTIONS | PLAINTIFF'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | Defendant does not object; therefore, the Court finds this testimony may be offered. |
| 24:20-25 | No objection | None. | **24:20–25**<br><br>Defendant does not object; therefore, the Court finds this testimony may be offered. |
| 44:3 to 45:10 | Relevance – Rule 401 As to Tomory's respect for the EEOC | None. | **44:3–45:10**<br><br><u>Relevance</u>: Objection Sustained. Lt. Tomory's impressions of the EEOC are irrelevant. Therefore, the Court finds 45:1–2 to be irrelevant and this testimony is precluded from being introduced. |
| 46:6 to 47:3 | No objection | None. | **46:6–47:3**<br><br>Defendant does not object; therefore, the Court finds this testimony may be offered. |
| 49:9 to 51:15 | No objection if 49:11 to 49:15 removed – comments by counsel<br><br>No objection if 50:9 to 50:19 removed – comments by | Agreed.<br><br>This testimony is relevant because it demonstrates that Tomory's alleged | **49:9–51:15**<br><br>Plaintiff's counsel has agreed not to offer: 49:11–15. Additionally, Plaintiff's counsel has agreed to offer, for |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S OBJECTIONS | PLAINTIFF'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | counsel; lacks foundation; assumes facts not in evidence; relevance; Rule 403, 611(a), 104(b)

No objection if 47:20-49:10 are included for completeness – Rule 106 | subjective fear of Sgt. Green was <u>not</u> supported by the objective facts.

Agreed. | completeness, 47:20–49:10. Thus, Defendant only objects to 50:9–19. The Court will address Defendant's objections to that testimony only.

**50:9–19**

<u>Comments by Counsel</u>: Objection Overruled. Plaintiff's counsel is asking a question.

<u>Lacks Foundation</u>: Objection Overruled. Lt. Tomory is answering a question regarding his knowledge.

<u>Assumes Facts Not in Evidence</u>: Objection Overruled. Lt. Tomory previously answered that he didn't know of Plaintiff physically attacking anyone. Thus, the Court finds that there were facts regarding the absence of accusations of violence in the record.

<u>Relevance</u>: Objection Overruled. Whether Lt. Tomory knew that there had been no prior accusations regarding Plaintiff committing acts of physical violence in the |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S OBJECTIONS | PLAINTIFF'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | workplace is relevant. |
| 53:18 to 55:2 | No objection | None. | **53:18–55:2**<br><br>Defendant does not object; therefore, the Court finds this testimony may be offered. |
| 61:17 to 63:15 | No objection if extended to 63:22 for completeness – Rule 106 | Agreed. | **61:17–63:15**<br><br>Plaintiff has agreed to also offer 63:16–22. Thus, Defendant does not object; therefore, the Court finds 61:17–63:22 may be offered. |
| 68:10-25 | Hearsay – Rule 801 | This testimony goes to Tomory's state of mind, is <u>not</u> offered for the truth of the underlying statement and consequently is <u>not</u> hearsay. | **68:10–25**<br><br><u>Hearsay</u>: Objection Overruled. The question is asking what Lt. Tomory knew; thus, the testimony is being offered to show Lt. Tomory's state of mind at that time. |
| 72:13-18 | No objection if extended to 72:22 for completeness - Rule 106 | Agreed. | **72:13–18**<br><br>Plaintiff has agreed to also offer 72:19–22. Thus, Defendant does not object; therefore, the Court finds 72:13–22 may be offered. |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S OBJECTIONS | PLAINTIFF'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| 76:2-15 | No objection if 76:25 to 77:13 is included for completeness - Rule 106 | Agreed. | **76:2–15**<br><br>Plaintiff has agreed to also offer 76:25–77:13. Thus, Defendant does not object; therefore, the Court finds 76:2–15 and 76:25–77:13 may be offered. |
| 77:17-21 | Not relevant to any issue in this case whether Tomory witnessed tension between Green and Saflar – Rule 401; Motion in Limine #10 (Doc 77); Order regarding Motions in Limine (Doc 92) at page 6 lines 12 - 24. | This testimony is relevant because Tomory claims he witnessed conflict between Sgt. Green and his peers—including Sgt. Safler. This testimony explains the tension. | **77:17–21**<br><br>Relevancy: Objection Overruled. The question is asking whether there was tension between Plaintiff and fellow officer. Therefore, the Court finds this testimony relevant.<br><br>Defendant's MIL #10: Objection Overruled. The Court's Order on Defendant's MIL #10 prevented Plaintiff from arguing a claim for hostile work environment. (Doc. 92 at 6). It does not prevent Plaintiff from introducing evidence that there was tension between Plaintiff and a fellow officer. |
| 81:2-6 | No objection if 81:7 through 82:25 is included for completeness - Rule 106 | Agreed. | **81:2–6**<br><br>Plaintiff has agreed to also offer 81:7–82:25. Thus, Defendant does not object; therefore, |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S OBJECTIONS | PLAINTIFF'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | | | the Court finds 81:7–82:25 may be offered. |
| 83:2 to 84:17 | Irrelevant as to relationship between Faulkner and Lazelle – Rule 401 | This testimony is relevant because it is probative of Commander Faulkner's bias in favor of his "cousin" Lt. Jeff Lazell and against Sgt. Green, whom Sgt. Green previously filed an EEOC Charge against. | **83:2–84:17**<br><br>Relevancy: Objection Overruled. Plaintiff has previsouly argued that as Plaintiff filed an EEOC charge against Lt. Jeff Lazell in 2009.  Plaintiff argued that due to the close relationship between Lt. Lazell and Commander Faulkner, Commander Faulkner—who was in charge of the Robbery Unit—retaliated against Plaintiff to get back at him for filing an EEOC charge against Lt. Lazell. Thus, this Court finds the relationship between Lt. Lazell and Commander Faulkner to be relevant. |
| 87:23 to 88:24 | No objection | None. | **87:23–88:24**<br><br>Defendant does not object; therefore, the Court finds this testimony may be offered. |
| 100:16 to 104:25 | No objection if 103:4 to 103:17 removed and deposition Ex. 1 is stipulated into | Agreed. | **100:16–104:25**<br><br>Plaintiff has agreed not to offer 103:4–17. Thus, Defendant does |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S OBJECTIONS | PLAINTIFF'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| | evidence | | not object; therefore, the Court finds 100:16–103:3 and 103:18–104:25 may be offered. Additionally, the parties have stipulated to enter deposition Ex. 1 into evidence. |
| 113:6-14 | Objection – relevance; hearsay; lacks foundation; calls for speculation; form; argumentative – Rules 401, 801, 602, 701, 403, 611 | This is relevant because it is probative of Commander Faulkner's bias in favor of his cousin Lt. Jeff Lazell and against Sgt. Green, whom Jeff filed an EEOC Charge of Discrimination against. | **113:6–14**<br><br>Argumentative: Objection Sustained. Plaintiff's counsels question summarizes his interpretation of the evidence and recites facts. Defendant's counsel objected during the deposition on argumentative grounds, and Plaintiff's counsel choose not to rephrase the question at that time. Thus, the Court finds 113:6–14 to be argumentative and this testimony is precluded from being introduced. |
| 114:9-17 | Hearsay – Rule 801 | Commander Faulkner's statements are a statement by an "agent of a party opponent" under Fed. R. Evid. 801 (d)(2)(D) and consequently are not hearsay by definition. | **114:9–17**<br><br>The Court has excluded the question which this testimony is an answer to; therefore, this testimony is also excluded. |

| PLAINTIFF'S DESIGNATIONS | DEFENDANT'S OBJECTIONS | PLAINTIFF'S RESPONSE | COURT'S RULING |
|---|---|---|---|
| 115:1-10 | Hearsay – Rule 801 | Withdrawn. | **<u>115:1–10</u>**<br><br>Plaintiff has agreed not to offer this testimony. |

Accordingly,

**IT IS ORDERED** that the following portions of Lt. Tomory's Deposition can be offered at trial: 5:15–14:18; 15:3–15:22; 16:03–20:5; 20:14–26:2; 24:20–25; 26:16–27:5; 27:20–22; 28:1–29:3; 29:20–30:23; 31:1–32:17; 39:23–40:4; 44:3–25; 45:3–10; 46:6–47:3; 47:20–49:10; 49:16–52:5; 52:22–55:2; 61:17–63:22; 68:10–25; 72:9–73:13; 76:2–15; 76:25–77:13; 77:17–21; 81:2–82:25; 83:2–84:17; 87:23–88:24; 89:11–95:6; 100:16–103:3; 103:18–104:25; 107:23–108:2; 108:12–109:5; 110:14–17; and 110:23–112:3.

Dated this 1st day of April, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge